United States Court of Appeals
Fifth Circuit

**F I L E D**

June 12, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30451

_____

EARL TRUVIA,

Plaintiff-Appellant,

v.

HENRY P. JULIEN JR., Etc.; ET AL.,

Defendants,

KURT SINS, Individually and in his capacity as Assistant District
Attorney,

Defendant-Appellee,

_____

GREGORY BRIGHT,

Plaintiff-Appellant,

V.

HENRY P. JULIEN JR., Etc.; ET AL.,

Defendants,

KURT SINS, Individually and in his capacity as Assistant District
Attorney,

Defendant-Appellee

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
2:04-CV-682

_____

1

Before GARWOOD, DAVIS and GARZA, Circuit Judges.

PER CURIAM:[*]

Earl Truvia and Gregory Bright were tried and convicted in 1976 for a murder committed in New Orleans. In the 1990s, Truvia and Bright were able to obtain the State's files and establish that the state had withheld <u>Brady</u> evidence. Their convictions were eventually reversed. Truvia and Bright subsequently brought suit against the City of New Orleans, the New Orleans Police Department, the District Attorney's Office, and several individuals in their official and individual capacities, asserting violations of 42 U.S.C. § 1983 and various Louisiana causes of action related to the failure to disclose <u>Brady</u> evidence. Included among the individuals named as defendants was Kurt Sins, who at the time of Appellants' prosecution was an Assistant District Attorney under District Attorney Harry Connick.

Sins moved to dismiss Appellants claims against him, arguing that he enjoyed prosecutorial immunity from suit in his individual capacity, that he was not a proper defendant to be sued in his official capacity, and that in any event, the claims against him did not meet the requisite heightened pleading

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

standard. The district court agreed and dismissed the claims. For the reasons stated below, we now affirm.[1]

1. Appellants' Amended Complaint first alleges as a basis for their individual capacity claims against Sins that he participated directly in the suppression of <u>Brady</u> evidence in the course of prosecuting the case against them. This court, however, has specifically held that the suppression of exculpatory evidence—as alleged by Appellants—is shielded by absolute immunity. <u>See Cousin v. Small</u>, 325 F.3d 627, 635 & n. 11 (5th Cir. 2003). The claims asserted against Sins in his individual capacity by Appellants that stem from his direct participation in the suppression of <u>Brady</u> evidence are barred by absolute immunity and were properly dismissed by the district court.

2. Appellants' Amended Complaint next alleges as a basis for their individual capacity claims against Sins that he failed to properly train and/or supervise those Assistant District Attorney's working beneath him. Appellants must satisfy a heightened pleading standard to state a § 1983 claim against Sins

_____

[1] Sins also argued, and the district court found, that any claims against Sins accruing prior to March 9, 2003, are barred by prescription. Although the district court's order dismisses any such claims, it does not specify which claims might fall into that category. Because we conclude that Appellants' claims against Sins fail for the reasons discussed, we need not address the issue of prescription.

in his individual capacity by alleging "specific conduct and actions giving rise to constitutional violations." See Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2003). Moreover, § 1983 does not create supervisory liability based on *respondeat superior* or any other theory of vicarious liability. See id. at 742 & n.6; Alton v. Texas A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999) ("Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983."). Instead, an individual official may be liable only for participation in the implementation of a policy that is "itself ... a repudiation of constitutional rights" and "the moving force of the constitutional violation." Oliver, 276 F.3d at 742. More specifically, in the context of a claim of failure to train and/or supervise, Appellants must demonstrate that "1) [Sins] failed to train or supervise the [officials] involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." Cousin, 325 F.3d at 637; Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001). "[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor." Southard v. Texas Bd. of Criminal Justice, 114 F.3d 539, 550 (5th Cir. 1997).

4

Appellants' Amended Complaint fails to meet any of these requirements. Instead, Truvia and Bright allege in the most conclusory terms that Sins failed to supervise and/or train other ADAs in the DA's office. Appellants fail to identify these other ADAs, or make any connection whatsoever between Sins' alleged failure to supervise and/or train them and the suppression of Brady evidence in Appellants' case. This failure is particularly troubling in light of Appellants' allegations that Sins himself participated directly in the suppression of evidence. There is no reason on the face of the complaint to infer that any of the unidentified ADAs Sins allegedly supervised were involved at all in Appellants' prosecution. The claims asserted against Sins in his individual capacity that stem from his alleged failure to supervise and/or train his subordinates therefore fail to meet the heightened pleading standard and were properly dismissed.[2]

3. Appellants also allege that Sins participated in a conspiracy to block their release or parole by continuing to suppress evidence following their prosecution and conviction. The district court dismissed these claims for failure to meet the heightened pleading requirement. Appellants implicitly concede that their allegations fail to meet that requirement, but argue

---

[2]Because we conclude that Appellants' claims fail to meet the requisite heightened pleading standard, we need not address the question of whether absolute prosecutorial immunity is applicable to a claim alleging failure to supervise and/or train where the underlying violation would be covered by such immunity.

5

on appeal that they should have been given the opportunity to file a reply under Rule 7(a). Appellants are incorrect.

The 5th Circuit set out its approach to Rule 7(a) replies in <u>Schultea v. Wood</u>:

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply. The Federal Rules of Civil Procedure permit the use of Rule 7 in this manner.

47 F.3d 1427, 1433 (5th Cir. 1995). The purpose of the device is to require the plaintiff to satisfy the heightened pleading standards applicable to claims implicating immunity defenses. Although a plaintiff need not anticipate such a defense, <u>id.</u> at 1430, the district court in its discretion may require the plaintiff to submit a Rule 7 reply in response to an immunity defense before embarking on potentially costly discovery and litigation. By requiring a Rule 7(a) reply, the district court can be assured that plaintiff has adequately alleged facts in support of claims sufficient to pass the pleading stage.

In this case, by contrast, the immunity defense was presented not in an answer to Appellants' Amended Complaint, but instead in a Rule 12(b)(6) motion to dismiss. In such a context

the Appellants were afforded ample opportunity to respond, and not only submitted complete briefing on the immunity issue, but after the motion was granted in favor of Appellee, filed a motion to reconsider with concomitant briefing. Requiring a Rule 7(a) reply in addition to the completed briefing would be redundant. The district court's failure to require a Rule 7(a) reply is reviewed for abuse of discretion, Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999), and failing to require a 7(a) reply under the circumstances presented here was not such an abuse.

4. Appellants also assert official capacity claims against Sins. Appellants argue that an ADA can be a "permitted policymaker" and subject to an official capacity claim. "A court's task is to identify those officials or governmental bodies who speak with *final policymaking authority* for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation." Burgess v. Parish of St. Tammamy, 187 F.3d 452, 468 (5th Cir. 1999) (emphasis added). In Burgess, this court concluded that "a district attorney is the independent and final official policymaker for all of the administrative and prosecutorial functions of his office." Id. at 469. An assistant district attorney, therefore, is not a policymaker and not the proper defendant for an official capacity claim against the District

7

Attorney's Office.  We therefore affirm the dismissal of the official capacity claims against Sins on that basis.

AFFIRMED.